**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| People of the La Junta For Preservation; Far Flung Outdoor Center; Andrew Austin; and, Christina Hernandez,<br><br>*Plaintiffs*,<br><br>v.<br><br>Department of Homeland Security**;** Markwayne Mullin, in his official capacity as the Secretary of the United States Department of Homeland Security; Customs and Border Protection; Rodney S. Scott**,** in his official capacity as the Commissioner of United States Customs and Border Protection; Lloyd M. Easterling, in his official capacity asthe Chief Patrol Agent of the United States Border Patrol's Big Bend Sector; Department of the Interior; Doug Burgum, in his official capcity as the Secretary of the Interior; and, National Park Service**,**<br><br>*Defendants.* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. 26-5245 |

**[Proposed] Temporary Restraining Order**

Before the Court is Plaintiffs' Emergency Motion for Temporary Restraining Order. Having considered the Motion, the pleadings, declarations and other evidence submitted by Plaintiffs, and the applicable law, the Court finds that temporary injunctive relief is warranted.

The Court finds that Plaintiffs have demonstrated a substantial likelihood of success on at least one of their claims; that Plaintiffs face a substantial threat of immediate and irreparable injury absent temporary relief; that the threatened injury to Plaintiffs outweighs any injury resulting from the limited preservation of the status quo; and that temporary relief serves the public interest.

The Court further finds that construction and related ground-disturbing activities in the Big Bend region may alter land, cultural resources, religious sites, wildlife habitat, recreational resources,

and other features in ways that cannot adequately be restored after the fact. Temporary relief is therefore necessary to preserve the Court's ability to afford meaningful relief.

Accordingly, it is **ORDERED** that Plaintiffs' Emergency Motion for Temporary Restraining Order is **GRANTED**.

It is further **ORDERED** that Defendants, their officers, agents, servants, employees, contractors, subcontractors, representatives, and all other persons who are in active concert or participation with them and who receive actual notice of this Order are hereby **TEMPORARILY RESTRAINED AND ENJOINED** from undertaking, authorizing, directing, funding, facilitating, or permitting any construction or construction-related activity associated with the challenged border-barrier project:

1. within Big Bend National Park;
2. within the boundaries of Big Bend Ranch State Park;
3. on federal, state, private, tribal, or other lands within the Big Bend project area that are outside the geographic area covered by the Department of Homeland Security's June 9, 2026 waiver; and
4. at any location where Defendants rely upon the June 9, 2026 waiver as authority to disregard laws not in fact waived by that instrument.

For purposes of this Order, prohibited "construction or construction-related activity" includes, but is not limited to:

- clearing or removing vegetation;
- grading, excavating, trenching, drilling, blasting, or earthmoving;
- constructing, widening, improving, or materially altering roads or access routes for construction purposes;
- establishing construction staging areas, laydown yards, work camps, or material-storage areas;
- placing concrete, fill, foundations, footings, bollards, fencing, gates, pedestrian barriers, vehicle barriers, or other border-barrier components;
- installing permanent or construction-related lighting;
- installing towers, cameras, sensors, communications equipment, utilities, electrical infrastructure, or other permanent project infrastructure;
- transporting or positioning heavy construction equipment for the purpose of commencing prohibited construction;
- disturbing archaeological, historical, cultural, burial, ceremonial, or religious resources in connection with the challenged project; and
- taking any other action that materially alters the existing physical condition of land in preparation for or furtherance of the challenged construction project.

Defendants shall also take reasonable steps to communicate this Order promptly to all federal personnel, contractors, subcontractors, and project managers engaged in or responsible for the challenged construction.

Nothing in this Order prohibits:

1. ordinary United States Border Patrol patrol operations;
2. apprehension, detention, rescue, emergency-response, or other routine law-enforcement activities;
3. use of existing roads, facilities, equipment, cameras, sensors, or infrastructure in their present configuration;
4. emergency actions reasonably necessary to protect human life or respond to an immediate threat to public safety; or
5. measures strictly necessary to secure an existing construction site, provided those measures do not expand the project footprint or cause additional ground disturbance.

This Order does not adjudicate the ultimate legality of the challenged project or permanently restrict the Government's authority to conduct lawful border-enforcement activities. Its purpose is solely to preserve the status quo and prevent irreversible construction-related injury while the Court considers Plaintiffs' request for preliminary injunctive relief.

Pursuant to Federal Rule of Civil Procedure 65(c), the Court finds that no security is required because the temporary restraint preserves the status quo and Defendants have not demonstrated a likelihood of monetary loss attributable to the limited relief ordered here.

This Temporary Restraining Order shall remain in effect until ____________________, 2026, at ______ _.m., unless extended by further order of the Court or by consent of the parties.

The Court will conduct a hearing on Plaintiffs' Motion for Preliminary Injunction on ____________________, 2026, at ______ _.m. in Courtroom ______ of the United States Courthouse, ______________________________.

Defendants shall file any response to Plaintiffs' Motion for Preliminary Injunction on or before ____________________, 2026. Plaintiffs may file a reply on or before ____________________, 2026.

It is further **ORDERED** that Defendants shall preserve all documents, maps, plans, surveys, environmental or cultural-resource assessments, construction schedules, contracts, task orders, notices to proceed, archaeological information, and communications relating to the location, timing, scope, and implementation of the challenged project pending further order of the Court.

SIGNED this _____ day of August, 2026.

_____________________

Judge Presiding