United States District Court
Western District of Texas
San Antonio Division

| | |
|---|---|
| The People of La Junta for Preservation, Far Flug Outdoor Center, Andrew Austin, and Christina Hernandez, Plaintiff, | |
| v. | No. SA-26-CV-05245-OLG |
| United States Department of Homeland Security, Markwayne Mullin, in his official capacity as the Secretary of the United States Department of Homeland Security; United States Customs and Border Protection; Rodney S. Scott, in his official capacity as the Commissioner of United States Customs and Border Protection; Lloyd M. Easterling, in his official capacity as the Chief Patrol Agent of the United States Border Patrol's Big Bend Sector; United States Department of the Interior; Doug Burgum, in his official capacity as the Secretary of Interior; and the United States National Park Service, Defendants. | |

**Federal Defendants' Advisory Regarding Venue Considerations**

The United States hereby informs this Court that the Alpine/Pecos Division is likely a better venue for this action. The Big Bend region that is the subject of this action is in the Alpine/Pecos Division as are most of the Plaintiffs.[1] Moreover, the Alpine/Pecos Division would handle any eminent domain litigation pertaining to the border wall project, which is at the heart of this litigation.

[1] Plaintiff Far Flung Outdoor is located in Terlingua, Brewster County, Texas. Plaintiff The People of La Junta for Preservation is a 501(c)(3) non-profit organization rooted in La Junta, Presidio County, Texas according to its website at https://www.peopleoflajunta.org/about. Meanwhile, Plaintiff Andrew Austin is a resident of Bracketville, Kinney County, Texas (Del Rio Division).

While the Court has discretion to decide whether to transfer this case to another division of this district, several factors point in that direction. *In re Radmax, Ltd.*, 720 F.3d 285, 288 (5th Cir. 2013) (per curiam) (stating that the "traditional deference given to plaintiff's choice of forum . . . is less for intra-district transfers.") (quoting James Moore *et al.*, Moore's Federal Practice § 112.21 (3d ed. 2013)). The border wall project is expected to be a massive undertaking in the Western District of Texas, which shares about 660 miles of border with Mexico. The project is expected to generate eminent domain litigation[2] primarily in the Alpine/Pecos and Del Rio divisions where the land at issue is located.[3] The courts in those divisions are most familiar with issues involving criminal activity in their respective areas, community concerns, and land use matters. Moreover, it would be beneficial, if not essential, for those courts to be well-informed of the particularized concerns, histories, and backgrounds of the people affected by the project.

**Legal Landscape**

Pursuant to 28 U.S.C. § 1391, a civil action against the United States or its agencies or officers may "be brought in any judicial district in which (A) a defendant in the action resides, (B) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (C) the plaintiff resides if no real property is involved in the action." 28 U.S.C. § 1391(e)(1).

The Court has authority to transfer this case pursuant to 28 U.S.C. § 1404(a), which provides, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

---

[2] Eminent domain litigation can involve numerous land acquisition issues, including rights of entry to survey, possession, ownership disputes, and compensation among others.

[3] *See* map graphic at **Exhibit A**. None of the counties in CBP's Big Bend Sector, including the Park, are within the San Antonio Division. *See* map at **Exhibit B**.

The statute's purpose is "to prevent the waste 'of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense.'" *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (citation omitted). The statute is "intended to place discretion in the district court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" *Stewart Org. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (citation omitted).

Under Section 1404(a), the first question is whether the case could have been brought in the alternative venue. *In re Volkswagen of Am.,* 545 F.3d 304, 314 (5th Cir. 2008) (en banc). The second question is whether the alternative venue is more convenient, as determined by an evaluation of both private and public interest factors. *Id.* at 315. The public interest factors are: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law." *Id*. (quoting *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) (per curiam)). The private interest factors are: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *Id*. "The § 1404(a) factors apply as much to transfers between divisions of the same district as to transfers from one district to another." *In re Radmax, Ltd.*, 720 F.3d at 288 (citation omitted).

**Considerations**

The United States does not evaluate each of these factors here as it has no strong preference. Either location will be a fair and just forum, and the government is prepared to litigate this case in

either division. The greater concerns are ensuring that the "localized interests be decided at home" and that those most familiar with and most impacted by the issues have access to the Court. That is more easily accomplished in Alpine or Pecos rather than San Antonio.[4] *See id.* at 290 (granting petition for mandamus directing intra-district transfer "where the case has no connection to the [plaintiffs' chosen district] and virtually all of the events and witnesses regarding the case . . . are in the transferee forum"). Moreover, venue in Alpine or Pecos would also promote judicial efficiency, given the numerous cases that will be brought in those divisions and reduce the risk of inconsistent rulings by different judges as to similar or identical factual and legal issues.

Respectfully submitted,

JUSTIN R. SIMMONS
UNITED STATES ATTORNEY

By: /s/ *Kristy K. Callahan*
**KRISTY K. CALLAHAN**
Assistant United States Attorney
Mississippi Bar No. 101255
601 N.W. Loop 410, Suite 600
San Antonio, Texas 78216
Telephone: (210) 384-7255
Facsimile: (210) 384-7247
E-mail: Kristy.Callahan@usdoj.gov
ATTORNEY FOR UNITED STATES

[4] Terlingua is over 420 miles and at least a seven-hour drive to San Antonio, depending on the route taken. By comparison, Terlingua is 83 miles to Alpine and about 183 miles to Pecos.

**Certificate of Service**

I certify that on August 20, 2026, I electronically filed this document with the Clerk of Court using the CM/ECF system.

☒ The CM/ECF system will send notification to the following CM/ECF participant(s):

Roland Gutierrez
Gutierrez Law Firm
104 Babcock Rd.
San Antonio, Texas 78201

Martin Anthony Golando
The Law Office of Martin
Golando, PLLC
2326 Magnolia
San Antonio, Texas 78201
*Attorneys for Plaintiffs*

/s/ *Kristy K. Callahan*
**KRISTY K. CALLAHAN**
Assistant United States Attorney