**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | |
|---|---|
| PEOPLE OF THE LA JUNTA FOR PRESERVATION, FAR FLUNG OUTDOOR CENTER, ANDREW AUSTIN, and CHRISTINA HERNANDEZ,<br><br>Plaintiffs,<br><br>v.<br><br>DEPARTMENT OF HOMELAND SECURITY, *et al.*,<br><br>Defendants. | Case No. 5:26-cv-05245-OLG |

**DEFENDANTS' STATUS REPORT AND OPPOSITION TO PLAINTIFFS' REQUEST FOR A STATUS HEARING**

Defendants respectfully submit this Status Report to update the Court regarding (1) the parties' discussions following the August 28, 2026 evidentiary hearing on Plaintiffs' Motion for a Temporary Restraining Order ("TRO Motion"); and (2) U.S. Customs and Border Patrol's ("CBP") planned activities in the Big Bend 2 and Big Bend 4 project areas following the expiration of its voluntary pause on ground-disturbing activities. In support of this Status Report, Defendants attach the Second Declaration of Paul Enriquez. Defendants hereby oppose Plaintiffs' Motion for a Status Hearing (ECF No. 19). Plaintiffs' Motion for a Temporary Restraining Order is fully briefed, and the Court has already heard a full day of argument and evidence concerning that motion.

Defendants respectfully submit that the appropriate next step is for the Court to decide Plaintiffs' TRO Motion. As explained below and in the accompanying declaration, Defendants have continued to engage with Plaintiffs regarding their concerns and are providing this Court

and the parties with current information concerning CBP's plans. A further status hearing therefore is unnecessary at this time.

## I. <u>Post-Hearing Engagement with Stakeholders and Plaintiffs</u>

On August 31, 2026, following the Court's August 28, 2026 hearing, CBP agreed to pause ground disturbing activities for the Big Bend 2 and Big Bend 4 projects through September 30, 2026, to allow for additional public engagement. *See* Exhibit 1, Second Declaration of Paul Enriquez ("Second Enriquez Decl.") ¶ 7. During that pause, CBP continued its outreach to public officials, landowners, other stakeholders, and interested parties concerning the two projects. *Id.* ¶¶ 8–15. In total, CBP had over 40 separate meetings or engagements with stakeholders regarding the planned barrier system projects in the Big Bend Sector, including Big Bend 2 and Big Bend 4. *Id.* ¶ 12.

Defendants also engaged directly with Plaintiffs to better understand and, where possible, address their stated concerns. On September 18, 2026, representatives of CBP and counsel for Defendants met with Plaintiffs' counsel by videoconference. During that meeting, Defendants asked Plaintiffs to identify the particular properties or locations that they believed would be affected by the proposed construction and to describe the impacts that concern them. Plaintiffs were unable at that time to identify any specific construction-related tract or location.

Defendants followed up with Plaintiffs' counsel by e-mail after the meeting. *See* Exhibit 2, Email from P. Amaechi to D. DeGuerin, R. Gutierrez, and M. Golando, et al. (September 19, 2026, 12:12 P.M. EST). Defendants again invited Plaintiffs to provide more specific location information so that CBP could evaluate and respond to their concerns. *Id.* Defendants explained that Big Bend 2 is generally located on privately owned land in Presidio County and that CBP considers reasonable accommodations for affected landowners. *Id.* Defendants further advised

Plaintiffs that CBP was continuing to develop the design for the Big Bend 4 project and intended to share relevant information once officials with final decision-making authority had approved a revised project scope. *Id.* Defendants also offered to meet with Plaintiffs in person and conduct a site visit while counsel for Defendants was in the area. *Id.* Plaintiffs accepted that offer, and the parties arranged for and conducted a site visit on September 28, 2026.

The Big Bend site visit began in Presidio at the U.S. International Boundary and Water Commission ("IBWC") levee, which is in the Big Bend 2 project area. Attorneys Roland Gutierrez and Dick DeGuerin attended on behalf of the Plaintiffs and AUSA Kristy Callahan attended on behalf of the Defendant United States. To the extent a final decision has been made, the project plans were discussed, including a 30-foot bollard wall near the IBWC levee area. Stops were also made in Redford at property allegedly owned by Plaintiff The People of the La Junta for Preservation, for which property rights are currently in dispute[1]; at boat ramps on River Road, the common name for Farm to Market Road 170 ("FM-170") which generally runs adjacent to the Rio Grande to Big Bend Ranch State Park; and finally the pedestrian border crossing in Boquillas inside Big Bend National Park. The site visits in this Big Bend area took about six to seven hours.

As part of the site visit, the parties also discussed how a lack of border infrastructure creates challenges for Border Patrol operations. For example, representatives from the Government noted areas where cartel-related individuals (including an identified sicario) armed with assault rifles illegally crossed within the past five months. Representatives for the Government also noted a recent incident of an identified sicario carrying an assault rifle who stole vehicles, attempted to enter a school, and led law enforcement on a multi-county pursuit, all

[1] AUSA Callahan visited the Redford property the day before with Plaintiffs' attorneys in *Charles Angell and Angell Expeditions, LLC v. DHS, et al.*, Case No. 5:26-CV-5580. Mr. Angell occupies the disputed real property at issue.

while firing his weapon. Also discussed was ongoing cartel-related violence spilling into the region, including three individuals with AK-47s apprehended in June 2026; a sex offender with a prior state conviction for sodomy of a five-year-old boy in September 2026; and another individual with a history of illegal entry, human smuggling, and narcotics smuggling also apprehended in September 2026.

Despite seeing first-hand the challenges that Border Patrol faces in the Big Bend Sector and government representatives explaining how additional border infrastructure will improve safety and security in the area, Plaintiffs' counsel continued to assert that technology could address the issues.

Defendants remain willing to consider concrete, location-specific concerns identified by Plaintiffs or affected landowners as CBP moves forward with the projects.

## II. Update Regarding the Big Bend 2 Project

Beginning September 30, 2026, CBP will lift the pause on ground disturbing activities for the Big Bend 2 project. Second Enriquez Decl. ¶ 16. The project remains substantially similar to the project described in Mr. Enriquez's August 24, 2026 declaration filed in opposition to Plaintiffs' TRO Motion. *Id.*; *see* First Declaration of Paul Enriquez (ECF No. 10-1).

CBP plans to construct approximately 61 miles of barrier system in Presidio County within this Big Bend Sector. *Id.* ¶ 17. The system will include a 30-foot bollard style pedestrian barrier, a road, and, where appropriate for a particular area, cameras, lights, sensors, and other detection technology. *Id.*

Most land within the Big Bend 2 project alignment is privately owned. *Id.* ¶ 18. Before accessing private property for surveys or other pre-construction work, CBP obtains a right of access from the landowner. *Id.* Before constructing border infrastructure, CBP generally

acquires either a fee interest or an easement in the affected property. *Id.* As part of that process, CBP consults with affected landowners and provides them an opportunity to identify concerns. *Id.* ¶ 19. Depending on the property, those concerns may include the proposed alignment, continued access to the Rio Grande, existing irrigation lines, sensitive resources, and other activities conducted on the property. *Id.* CBP attempts to accommodate such concerns where possible, including through the incorporation of access gates into the barrier system. *Id.*

CBP prefers to acquire the necessary property interest voluntarily. *Id.* ¶ 20. When a landowner declines to engage with the government or the parties cannot reach an agreement, however, CBP may refer the matter to the Department of Justice for a potential condemnation action. *Id.* ¶¶ 20–21. Because a number of landowners in the Big Bend 2 project area have declined to engage with the government or provide voluntary rights of entry for serving work, CBP anticipates making a number of such referrals in the coming weeks. *Id.* ¶ 21.

## III. Update Regarding the Big Bend 4 Project

CBP is actively considering adjustments to the Big Bend 4 project that would reduce its scope and avoid or minimize potential impacts, based on input received from the National Park Service and other stakeholders. *Id.* ¶ 22.

As previously described, the original project contemplated approximately 17 miles of non-contiguous vehicle barrier system within and east of Big Bend National Park, construction of a new patrol road, improvements to existing roads, and the installation of technology within the National Park. *Id.* Although the Big Bend 4 project area also includes portions of Big Bend Ranch State Park, CBP does not plan to construct a barrier within the State Park. *Id.* CBP instead anticipates constructing a road and associated technology in portions of that area. *Id.*

CBP expects to make a final decision concerning the revised scope of the Big Bend 4

project during the first week of October. *Id*. Once the final decision has been made, the government will promptly update the Court and the parties, and CBP will make a public announcement and share relevant project information through its website and local media outreach. *Id.*

Ground-disturbing activity in the Big Bend 4 project area will not begin immediately upon the expiration of the pause or the approval of a revised project scope. *Id.* ¶ 23. After a final decision is made, additional time—likely several weeks—will be required to complete any necessary contract administration actions, re-mobilize equipment and personnel, and undertake other planning activities. *Id.* Ground-disturbing work will begin only after those steps have been completed. *Id.*

## **CONCLUSION**

For the above reasons, Defendants respectfully request that this Court deny Plaintiffs' Request for a Status Hearing and proceed to deny Plaintiffs' Motion for a Temporary Restraining Order.

Dated: September 29, 2026

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General, Civil Division

ANDREW WARDEN
Assistant Branch Director
Federal Programs Branch

*/s/ Pamela I. Amaechi*
PAMELA I. AMAECHI
D.C. Bar No. 1672958
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW
Washington, DC 20005
Tel: (202) 598-5093
E-mail: pamela.i.amaechi@usdoj.gov

*Counsel for Defendants*

**CERTIFICATE OF SERVICE**

I, Pamela I. Amaechi, hereby certify that on September 29, 2026, I electronically filed the foregoing using the Court's CM/ECF system, which automatically serves this document upon all counsel of record.

*/s/ Pamela I. Amaechi*
PAMELA I. AMAECHI

*Counsel for Defendants*