# EXHIBIT 1

**SECOND DECLARATION OF PAUL ENRIQUEZ**

I, Paul Enriquez, declare as follows:

1. I am the Director, Infrastructure Portfolio, U.S. Border Patrol Program Management Office Directorate ("PMOD"), U.S. Customs and Border Protection ("CBP"), an agency of the Department of Homeland Security ("DHS"). I have held this position since January 2023 and support the planning and execution of border infrastructure projects from construction to maintenance. From May 2021 to December 2022, I served as the Deputy Director for the Infrastructure Portfolio. From August 2018 to May 2021, I served as the Real Estate and Environmental Director for the Infrastructure Portfolio. From 2013 to August 2018, I was the Real Estate and Environmental Branch Chief for the Border Patrol and Air and Marine Program Management Office ("BPAM"), Facilities Management and Engineering, Office of Facilities and Asset Management. From 2011 to 2013, I was employed as an Environmental Protection Specialist in the BPAM. In that role, I performed environmental analyses for various border infrastructure projects. From 2008 to 2011, I was a contractor assigned to the BPAM and provided environmental support on various border infrastructure projects.
2. CBP is the DHS component with primary responsibility for border security. CBP constructs, operates, and maintains border infrastructure necessary to deter and prevent illegal entry on the southern border.
3. Within CBP, PMOD has expertise in managing and executing border infrastructure projects. PMOD is tasked with managing the schedule, finances, real estate acquisition, environmental planning, and construction of the border infrastructure system along the U.S. border.
4. Based upon my current and past job duties, I am familiar with the funding appropriated to CBP for barrier system construction and CBP's planned and on-going border barrier construction on the southern border, including the border barrier construction within the United States Border Patrol ("USBP") Big Bend Sector that is at issue in this litigation.
5. On August 24, 2026, I submitted declarations in *People for the La Junta for Preservation*,

Case No. 5:26-cv-05245-OLG (W.D. Tex.), and *Friends of Ruidosa Church v. Mullin*, Case No. 3:26-cv-01099-KC (W.D. Tex.), that, among other things, set out the current status of the Big Bend 4 and Big Bend 2 projects.

6. This declaration is based on my personal knowledge and information made available to me in the course of my official duties.

**PUBLIC OUTREACH**

7. On August 31, 2026, CBP agreed to pause all ground disturbing activities for the Big Bend 2 and Big Bend 4 projects to allow for additional public engagement.

8. Both prior to and during the pause, CBP has conducted robust public outreach and engagement with stakeholders and interested parties about the Big Bend 2 and Big Bend 4 projects.

9. CBP's public outreach and engagement included targeted outreach to affected stakeholders, posting information about the projects on cbp.gov, and soliciting input from the general public regarding potential impacts from the Big Bend projects. *See*, *e.g.*, Vehicle Barrier System Construction– Brewster, Terrell, and Val Verde Counties, Texas – July 2026 | U.S. Customs and Border Protection, available at https://www.cbp.gov/document/environmental-assessments/vehicle-barrier-system-construction-brewster-terrell-and-val (last accessed Aug. 24, 2026); Vehicle Barrier System and Road Construction– Brewster County, Texas – June 2026 | U.S. Customs and Border Protection, available at https://www.cbp.gov/document/environmental-assessments/vehicle-barrier-system-and-road-construction-brewster-county (last accessed Aug. 24, 2026).

10. CBP has also consistently maintained and updated the "Smart Wall Map" on cbp.gov, which shows the project areas and planned infrastructure for each border barrier system project in the USBP Big Bend Sector, including the Big Bend 2 and Big Bend 4 projects.

11. CBP and USBP officials have also had a series of meetings and engagements with stakeholders and interested parties regarding CBP's planned barrier system projects in the USBP Big Bend Sector, including the Big Bend 2 and Big Bend 4 projects. CBP's outreach and engagement began in March 2026 and included the following:

- Over 20 separate meetings with local officials from Culbertson, Jeff Davis, Brewster, Hudspeth, Presidio, and Terrell Counties, including local Sheriffs, County Commissioners, City Council Members, Judges, Mayors, and Police Chiefs;
- Regular, bi-weekly meetings with County Sheriffs and Judges from Culbertson, Jeff Davis, Brewster, Hudspeth, Presidio, and Terrell Counties;
- Multiple meetings with individual landowners and business owners;
- Targeted outreach to and discussions with local outfitters;
- A tour of Brewster County with the Brewster County Sheriff;
- Multiple meetings with representatives from Big Bend Telecoms, Texas Parks, Texas Tech, and the Texas Border Coalition; and
- An in-person meeting between the CBP Commissioner and officials from Brewster, Hudspeth, Jeff Davis, Presidio, Terrell, Val Verde Counties.

12. In total, CBP had over 40 separate meetings or engagements with stakeholders regarding the planned barrier system projects in the USBP Big Bend Sector, including Big Bend 2 and Big Bend 4.

13. During the pause, representatives from CBP and attorneys from the Department of Justice also met with plaintiffs' counsel in two cases in the U.S. District Court for the Western District of Texas concerning border barrier construction in the USBP Big Bend Sector. *See People for the La Junta for Preservation*, Case No. 5:26-cv-05245-OLG; *Angell v. Mullins*, Case No. 5:26-cv-05580-KC-RBF). Counsel for the parties in both cases subsequently made arrangements to conduct site visits of certain properties potentially impacted by the proposed construction.

14. In addition to the stakeholder meetings and outreach outlined above, CBP has had regular contact and consultation with the National Park Service ("NPS") and the Department of the Interior ("DOI") regarding the portions of the Big Bend 4 project that will be executed in Big Bend National Park. In addition to routine day-to-day discussions or consultation, CBP has had regular meetings with officials from NPS and DOI officials to discuss the Big Bend 4

project, including a meeting in May, three meetings in June, three meetings in August, and frequent meetings and communication in September.

15. The government, including officials from both CBP and the United States Army Corps of Engineers, which provides real estate support services to CBP, have also been meeting with individual landowners who own land that may need to be acquired for the projects. As detailed below, as part of the real estate acquisition process, CBP consults with landowners and gives them the opportunity to raise issues of concern.

**BIG BEND 2**

16. Beginning on September 30, 2026, CBP will lift the pause on ground disturbing activities for the Big Bend 2 project. The Big Bend 2 project will be substantially similar to what was described in my declarations of August 24th.

17. As part of the Big Bend 2 project, CBP will construct approximately 61 miles of barrier system in Presidio County, Texas, within the Big Bend Sector. The elements of the barrier system include 30-foot bollard-style pedestrian barrier, a road, and barrier system attributes, including, as appropriate to each area, cameras, lights, sensors, and other detection technology.

18. As stated in my prior declarations, the majority of the land within the Big Bend 2 project alignment is private land. Prior to accessing private land for surveys or other pre-construction activity, CBP secures a right of access from the private landowner. Generally speaking, before constructing border infrastructure, CBP acquires a fee or easement interest in the property.

19. As part of the real estate acquisition process, CBP consults with landowners and gives them the opportunity to raise issues of concern. For example, CBP takes into account feedback from property owners concerning the alignment of the barrier system on the affected property, the need for continued access to the Rio Grande River, existing irrigation lines that must remain operable, sensitive resources that may be located on the property, other activities that are conducted on the property, and any other issues. CBP tries to accommodate landowner concerns where possible. For example, as noted in my prior declarations, CBP has a long history of incorporating gates into barrier system to facilitate access for various activities.

Gates have been added throughout the southwest border to facilitate access to border monuments and to address other concerns.

20. CBP's preference is always to acquire property voluntarily. However, where landowners refuse to engage with the government or the parties are unable to reach an agreement, CBP must refer these matters to the Department of Justice to file a condemnation action. Landowners who refuse to engage with the government also forego the opportunity to raise issues of concern that may be addressed through collaborative discussion.

21. Numerous landowners within the Big Bend 2 project area have refused to engage with the government or sign a voluntary rights of entry for survey. As such, CBP expects that in the coming weeks it will be referring numerous matters to the Department of Justice for potential condemnation actions.

**BIG BEND 4**

22. For the Big Bend 4 project, CBP is actively considering adjustments to reduce the scope and avoid or minimize impact of the original project based on the input it has received from NPS and other stakeholders. As set forth in my prior declarations, CBP had originally planned to construct approximately 17 miles of noncontiguous vehicle barrier system within Big Bend National Park and to the east of the National Park. CBP also planned to construct a new patrol road, improve existing roads, and install technology within the National Park. The Big Bend 4 project area also includes portions of the Big Bend Ranch State Park. There is no barrier planned for construction within Big Bend Ranch State Park. Rather, CBP intends to construct a road with associated technology in portions of the Big Bend Ranch State Park. CBP expects to make a final decision on the revised scope of the Big Bend 4 project during the first week of October. The government will update the Court and parties promptly after a final decision is made. When a final decision is made on the scope of Big Bend 4, CBP will make a public announcement and share relevant information about the project via cbp.gov and local media outreach.

23. Once a final decision is made on the scope of Big Bend 4, CBP does not expect that ground disturbing activities will begin immediately. Additional time, likely a few weeks, will be required for any necessary contract administration actions to be taken, for the contractor to re-mobilize equipment and personnel, and other planning activity. Ground disturbing activities

in the Big Bend 4 project area will begin after such actions are taken.

***

This declaration is made pursuant to 28 U.S.C. § 1746. I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 28th day of September, 2026.

Paul Enriquez
Infrastructure Portfolio Director
Program Management Office Directorate
U.S. Border Patrol