# EXHIBIT 1

**U.S. Department of Justice**
Civil Division, Federal Program Branch

Pamela I. Amaechi
Trial Attorney

Tel: (202) 598-5093
Email: pamela.i.amaechi@usdoj.gov

October 16, 2026

By Email

Roland Gutierrez
Dick DeGuerin
Martin Golando

*Counsel for Plaintiffs*

Re: *La Junta v. DHS*, No. 5:26-cv-5245 (W.D. Tex.) – Defendants' Notification Letter Regarding Deficiency of Plaintiffs' Complaint

Dear Counsel,

Pursuant to Section I(A)(1) of Judge Garcia's Standing Order in Civil Cases, this letter serves as Defendants' written notification concerning Defendants' anticipated Rule 12(b)(1) and 12(b)(6) motion to dismiss and the deficiencies present in Plaintiffs' Complaint (ECF No. 1). As required by the Standing Order, Plaintiffs are hereby advised of their right to amend their Complaint in response to this notification before any motion to dismiss is filed.

Below, we address the multiple deficiencies in the claims asserted in your Complaint to explain why Defendants will seek dismissal. In its Order denying Plaintiffs' Motion for Temporary Restraining Order ("TRO Order"), the Court concluded that Plaintiffs failed to demonstrate a likelihood of success on the merits of their claims under the Religious Freedom Restoration Act ("RFRA"), 16 U.S.C. § 158, and § 102 of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"). *See generally* ECF No. 21. Thus, these claims in the Complaint are also deficient.

## I. Ultra Vires / Equitable Claim Under 16 U.S.C. § 158

Although your Complaint alleges an ultra vires and equitable claim under 16 U.S.C. § 158, the Court has confirmed that § 158 creates no private cause of action and does not restrict DHS's congressionally mandated border-security authority. TRO Order at 7. The Court also concluded that ultra vires review is unavailable absent a clear statutory prohibition on DHS's action—which § 158 does not provide. *See id.* (stating that ultra vires review applies only when an agency acts "contrary to a specific prohibition"). Because § 158 provides none of the legal duties Plaintiffs allege, Count I of the Complaint cannot proceed.

**II. Defendants Exceed the Authority Conferred By IIRIRA § 102**

Although your Complaint includes a claim that Defendants exceeded their authority under § 102 of the IIRIRA, Congress has stripped the Court of jurisdiction to hear this claim. IIRIRA § 102(c)(2)(A) is emphatic and comprehensive in several respects. First, it expansively encompasses "all causes or claims arising from any action undertaken, or any decision made" pursuant to § 102(c)(1)'s waiver authority. IIRIRA § 102(c)(2)(A). Second, it expressly identifies the sort of suits that may be brought: "only . . . alleging a violation of the Constitution." *Id.* Third, it expressly removes district court jurisdiction over "any claim not specified in this subparagraph." *Id.*

In any event, Plaintiffs' attempt to re-litigate the Secretary's § 102(a) determination is legally foreclosed. The Secretary's designation of an "area of high illegal entry" is solely in the realm of the agency's discretion, not the Plaintiffs' or the Court. *See* TRO Order at 2 (noting that "Section 102 of the IIRIRA authorizes the Secretary of Homeland Security to construct additional physical barriers… to deter unlawful crossings in areas of high illegal entry"). As the Court recognized in rejecting Plaintiffs' § 158 theory, Defendants' erecting of vehicle barriers along portions of the international border is not "in excess of its delegated powers." TRO Order at 7. Plaintiffs' claim is essentially a policy disagreement, which is not a cognizable cause of action.

**III. Violation of Religious Freedom Restoration Act**

Plaintiffs' Complaint alleges that Defendants have violated RFRA and that their construction constitutes a substantial burden on the exercise of Plaintiffs' religion. Complaint at 40; *see also* 42 U.S.C. §§ 2000bb-1 and 2000bb-3. But the Court has already rejected Plaintiffs' theory in its TRO ruling. *See* TRO Order at 4-6. The Court explained that a substantial burden exists only where government action "truly pressures the adherent to significantly modify [her] religious behavior and significantly violates [her] religious beliefs," *id.* at 4 (quoting *U.S. Navy Seals 1–26 v. Biden*, 27 F.4th 336, 350 (5th Cir. 2022)), and that Plaintiffs failed to make this showing. Specifically, the Court found that Plaintiffs presented no evidence that the planned construction "will, in fact, touch on" the alleged burial site—"wherever it is located." *Id.* at 5. It further found "no evidence of any existing disconnect" preventing Hernandez from accessing the river or gathering areas, and noted that she "was still able to pray along the river" and retained access to traditional sites. *Id.* at 6.

The Court also made clear that even if construction made access "less convenient," such inconvenience "does not amount to a substantial burden under RFRA." *Id.* (citing *Williams v. Bragg*, No. 11-CV-475-PRM, 2012 WL 12878177, at *4 (W.D. Tex. Aug. 31, 2012)). Thus, the same defects identified at the TRO stage persist in the Complaint, rendering the Complaint's RFRA claim fatally deficient.

**IV. Ultra Vires Occupation of Property without Lawful Acquisition Authority**

Count 4 of your Complaint includes an ultra vires claim arguing that 102(c)'s waiver of legal requirements does not act to convey or vest property interests to Defendants. Complaint at 43. The Court lacks jurisdiction to hear this claim pursuant to IIRIRA § 102(c)(2)(A) for the same reasons as Count 2 above. In addition, this ultra vires theory fails as a matter of law. As the Court recognized in rejecting Plaintiffs' § 158 theory, merely asserting that an agency exceeded its delegated authority is insufficient to state a non-statutory ultra vires claim. *See* TRO Order at 7 (stating that Plaintiffs "basically dress[ed] up a typical statutory-authority argument as an ultra vires claim"). Plaintiffs also have not identified a specific prohibition contained in a statute that the federal government has acted contrary to, which is a necessary requirement for an ultra vires claim. *See id.* (stating that ultra vires review applies only when an agency acts "contrary to a specific prohibition"). Moreover, Plaintiffs have not alleged that the federal government has actually entered, occupied, or taken possession of any property for which it lacks lawful authority, rendering this claim speculative and facially insufficient.

**V. Plaintiffs Cannot Establish Standing.**

Plaintiffs' Complaint states "[a]t least one member will suffer an injury sufficient to confer standing in his or her own right." Complaint at 33. However, your Complaint fails to allege facts sufficient to adequately plead standing. The Court has repeatedly stressed Plaintiffs' failure to present evidence of concrete injury in its motion for a temporary restraining order. *See* TRO Order at 5 (stating Plaintiffs' testimony regarding interference with religious practice were "conclusory" and did not establish that any of the "planned construction will, in fact, touch on" Plaintiffs' alleged burial site, "wherever it is located"); *id.* at 6 (stating Plaintiffs have presented "no evidence of any existing disconnect"). The Court's conclusions signal that Plaintiffs have not adequately pled standing in their Complaint.

**Conclusion**

The foregoing reasons demonstrate that the Complaint is deficient as pleaded and fails to state a claim upon which relief may be granted. Pursuant to Section I(A) of Judge Garcia's Standing Order, you have seven days from the receipt of this letter to file an Advisory stating whether you intend to file an Amended Complaint. The standing order provides that an Amended Complaint must be filed within seven days of the filing date of the Advisory. If no Advisory is filed or if the Complaint is not so amended by the established deadline, Defendants intend to file a motion to dismiss within twenty-one days of this letter.

Sincerely,

*<u>/s/ Pamela I. Amaechi</u>*
Pamela I. Amaechi

*Counsel for Defendants*